**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **VIRGINIA MASKO** | ) | **CASE NO. 4:05CV2593** |
| | ) | |
| **PLAINTIFF** | ) | |
| | ) | |
| v. | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **THE FAMILY RV CENTER** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **DEFENDANT** | ) | |

This matter is before the Court upon the Motion of Defendant The Family RV Center, Inc. to Dismiss for Lack of Personal Jurisdiction and Improper Venue, see (Dkt. # 11), and Alternative Motion to Transfer Venue Pursuant to 28 U.S.C. §§ 1404 and 1406, see (Dkt. # 13).

**I.  BACKGROUND**

This action arises from the Defendant's alleged failure to disclose that a used recreational vehicle sold to the Plaintiff was a "rebuilt salvage; reassembled vehicle."

The Defendant is in the business of selling new and used recreational vehicles from its principal place of business in North Carolina. See (Compl. ¶ 2; Answer ¶ 2). The Plaintiff, a citizen of the state of Ohio, see (Compl. ¶ 1; Answer ¶ 1), purchased from the Defendant a used recreational vehicle on August 4, 2004. See (Compl. ¶ 4; Answer ¶ 4).

The purchase price of the recreational vehicle was $29,900.00.[1] See (Compl. ¶ 4 & Ex. # 1 attached thereto; Answer ¶ 4). A statement provided by the Defendant indicated that the recreational vehicle's odometer registered 36,575 miles at the time of the Plaintiff's purchase. See (Compl. ¶ 5 & Ex. # 2 attached thereto; Answer ¶ 4).

Upon attempting to register the recreational vehicle with the state of Ohio, the Plaintiff discovered that the recreational vehicle was titled as a "rebuilt salvage; reassembled vehicle." See (Compl. ¶8 & Ex. # 3 attached thereto); but see (Answer ¶ 5). By letter dated December 8, 2004, counsel for the Plaintiff advised the Defendant of the foregoing facts and indicated that the Plaintiff was unaware that the recreational vehicle was a "rebuilt salvage; reassembled vehicle" at the time of purchase. See (Compl. ¶ 10 & Ex. # 4A attached thereto; Answer ¶ 6). Counsel for the Plaintiff subsequently issued a series of letters to the Defendant requesting to discuss potential remedies – to no avail. See (Compl. ¶ 10 & Exs. # 4B-D attached thereto; Answer ¶ 6).

The Plaintiff filed the present action against the Defendant on October 4, 2005 in the Court of Common Pleas, Trumbull County Ohio asserting two claims for relief: (1) fraud/misrepresentation; and (2) violations of the Motor Vehicle Information and Costs

---

[1] The terms of the purchase agreement entered into between the Plaintiff and the Defendant describe the recreational vehicle as a 1990 Chevrolet Pace Arrow RV recreational vehicle, Serial Number 78320000101. The purchase agreement establishes a base price of $29,900.00, with a trade in allowance of $5,500.00 and a down payment of $2,000.00 thereby yielding a purchase price of $22,400.00 plus tag and title fees. See (Compl. ¶ 4 & Ex. # 1 attached thereto).

Savings Act (the "Act"), 49 U.S.C. §§ 32701-32711[2]. See (Compl.). The Defendant filed its Notice of Removal on November 4, 2005 therein citing 28 U.S.C. §§ 1331, 1332. See (Dkt. # 1, Notice of Removal ¶ 3). The Defendant thereafter filed its Answer whereby it asserted various defenses, including the lack of personal jurisdiction. See (Answer ¶ 17).

The Court held a Case Management Conference on December 22, 2005 during which the Defendant raised the issue of personal jurisdiction. The Court ordered the parties to address the matter through written motions. See (Dkt. # 10).

The instant motion ensued.

## II. LAW AND ANALYSIS

The party seeking to assert personal jurisdiction bears the burden of demonstrating that such jurisdiction exists. See Neogen Corp. v. Neo Gen Screening, Inc., 282 F.3d 883, 887–88 (6th Cir. 2002). In assessing whether that burden has been satisfied, a district court has three procedural alternatives: "[it] may determine the motion on the basis of affidavits alone; it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." Dean v. Motel 6 Operating L.P., 134 F.3d 1269, 1272 (6th Cir. 1998) (quoting Serras v. First Tennessee Bank Nat'l Ass'n, 875 F.2d 1212, 1214 (6th Cir. 1989)).

---

[2]The Act generally requires a transferor of a vehicle to disclose to the transferee the cumulative mileage registered by the odometer, see 49 U.S.C. § 32705(a), prohibits the making of false statements in the disclosure, see 49 U.S.C. § 32705(a)(2), and provides for civil actions to enforce the odometer requirements, see 49 U.S.C. § 32710.

Where, as here, the Court proceeds on the basis of the pleadings, motions and supporting affidavits, the plaintiff need only make a prima facie showing of personal jurisdiction. See id. The plaintiff can meet this burden by "establishing with reasonable particularity sufficient contacts between [the defendant] and the forum state to support jurisdiction." Neogen, 282 F.3d at 887 (quoting Provident Nat'l Bank v. California Fed. Savings, 819 F.2d 1212, 1214 (6th Cir. 1989)); see also Serras, 875 F.2d at 1215. The Court must consider the pleadings and affidavits in a light most favorable to the plaintiff. See Bird v. Parsons, 289 F.3d 865, 871 (6th Cir. 2002). "Dismissal in this procedural posture is proper only if all the specific facts which the plaintiff . . . alleges collectively fail to state a prima facie case for jurisdiction." Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1991); see also CompuServe v. Patterson, 89 F.3d 1257, 1262 (6th Cir. 1996).

The Defendant removed the action to this Court on the dual bases of federal question and diversity subject matter jurisdiction. "Where a federal court's subject matter jurisdiction over a case stems from the existence of a federal question, personal jurisdiction over a defendant exists 'if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[] due process.'" Bird, 289 F.3d 865, 871 (6th Cir. 2002) (citation omitted). Similarly, in determining whether personal jurisdiction exists over a nonresident defendant in a diversity action, the Court must apply the law of the state in which it sits, subject to due process limitations. See Welsh v. Gibbs, 631 F.2d 436, 439 (6th Cir. 1980); see also Reynolds v. Int'l Amateur Athletic Fed'n, 23 F.3d 1110, 1115 (6th Cir. 1994); In-Flight Devices Corp.

v. Van Dusen Air, Inc., 466 F.2d 220, 224 (6th Cir. 1972). Again, "[t]he exercise of personal jurisdiction is valid only if it meets both the state long-arm statute and constitutional due process requirements." Calphalon Corp. v. Rowlette, 228 F.3d 718, 721 (6th Cir. 2000).

The Supreme Court of Ohio has held that the state's long-arm statute does not reach to the limits of the Due Process Clause. See Goldstein v. Christiansen, 70 Ohio St.3d 232, 638 N.E.2d 541, 545 n.1 (1994) (finding "erroneous" a lower court's statement that the Ohio General Assembly had intended to give Ohio courts jurisdiction to the limits of the Due Process Clause). Accordingly, Ohio's long-arm statute does not extend to the limits of federal due process and the Court must conduct separate inquiries. See Brunner v. Hampson, 441 F.3d 457, 465 (6th Cir. 2006); Hildebrand v. Steck Mfg. Company, Inc., 279 F.3d 1351, 1354–57 (6th Cir. 2002).

> There are two kinds of personal jurisdiction that can be exercised under Ohio law:
>
> Jurisdiction may be found to exist either generally, in cases in which a defendant's "continuous and systematic" conduct within the forum state renders that defendant amenable to suit in any lawsuit brought against it in the forum state, or specifically, in cases in which the subject matter of the lawsuit arises out of or is related to the defendant's contacts with the forum.

Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., 91 F.3d 790, 793 (6th Cir. 1996) (citation omitted). Ohio's long-arm statute pertains to specific jurisdiction as the statute expressly requires that the injury arise out of the contacts with Ohio. See OHIO REV. CODE § 2307.382(C) ("When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.").

Ohio's long-arm statute provides, in pertinent part:

-5-

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> (1) Transacting any business in this state;
> (2) Contracting to supply services or goods in this state;
> (3) Causing tortious injury by an act or omission in this state;
> (4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
> (5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
> (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;
> (7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity.
> (8) Having an interest in, using, or possessing real property in this state;
> (9) Contracting to insure any person, property, or risk located within this state at the time of contracting.

OHIO REV. CODE § 2307.382(A).[3]

The Plaintiff's jurisdictional allegations provide: "Defendant was in the business of selling new and used recreational vehicles to the general public outside of North Carolina, including but not limited to the State of Ohio." (Compl. ¶ 3.) However, the Plaintiff fails

---

[3] Rule 4.3 of the Ohio Rules of Civil Procedure provides that service of process is proper upon a nonresident corporation where "a corporation, partnership, association, or any other legal or commercial entity, who, acting directly or by an agent, has caused an event to occur out of which the claim that is the subject of the complaint arose." The rule is coexistent and consistent with Ohio's long-arm statute. See Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc., 53 Ohio St.3d 73, 75, 559 N.E.2d 477 (1990).

in her Complaint or responsive memorandum to indicate any particular subsection of the Ohio long-arm statute as a source of specific jurisdiction over the Defendant. The Court, therefore, must divine the contours of the Plaintiff's long-arm assertions.

The record conclusively reveals the following facts:

(1) the Defendant is incorporated under the laws of North Carolina and maintains its principal place of business in North Carolina, see (Dkt. # 12 at Aff. of Beth Morang ("Morand Aff.") ¶ 2);

(2) the Defendant's only place of business is in North Carolina, see (Morang Aff. ¶ 2);

(3) the Defendant is not registered with the Ohio Secretary of State; see (Morang Aff. ¶ 3);

(4) the Defendant lacks any physical presence in Ohio such as offices, facilities, and, or, real property, see (Morang Aff. ¶ 3);

(5) the Defendant does not have any employees or agents in Ohio, see (Morang Aff. ¶ 3);

(6) the Defendant does not file Ohio income tax returns, see (Morang Aff. ¶ 3); and

(7) the Defendant does not actively engage in advertising in Ohio, see (Morang Aff. ¶ 6).

Additionally, it is undisputed that the initial contact between the parties occurred when the Plaintiff arrived at the Defendant's Statesville, North Carolina showroom and that the entire

course of dealings between the parties occurred in Statesville, North Carolina. See (Morang Aff. ¶¶ 4-5, 7). It follows that several subsection of Ohio's long-arm statute – (2) (contracting to supply goods or services in Ohio), (3) (causing tortious injury by act or omission inside Ohio), (7) (causing tortious injury by a criminal act), (8) (possessing an interest in real property located in Ohio), and (9) (contracting to provide insurance within Ohio) – are facially inapplicable to the case at bar.

Turning to the remaining subsections, the Court has engaged in an exhaustive examination of authority and concludes that the Plaintiff has not presented a prima facie case for personal jurisdiction under subsection (1). The term "transacting any business" as used in the statute is subject to broad interpretation. See Kentucky Oaks Mall Co., 53 Ohio St.3d at 75. As the term "transact" encompasses "to carry on business" and "to have dealings," and is broader than the word "contract," Goldstein, 70 Ohio St.3d at 236, the court "examines the balance of the evidence to determine in which jurisdiction the parties undertook their discussions and communications, and on what terms," Ricker v. Fraza/Forklifts of Detroit, 160 Ohio App. 3d 634, 640, 2005 Ohio 1945, 828 N.E.2d 205, ¶14 (Ohio 10th App. Dist.).

The present case is analogous to Lewis v. Horance Mann Ins. Co., 2003 Ohio 5248 (Ohio 8th App. Dist.), where the court dismissed for lack of personal jurisdiction an Ohio plaintiff's claims against a Michigan automobile dealership. There, a Michigan resident "totaled" a vehicle and his insurer resold the vehicle to the defendant auto dealer. The auto dealer sold the vehicle at auction and, following several intervening transactions, the vehicle was purchased by the plaintiff, an Ohio resident. The plaintiff thereafter filed claims against

the auto dealer for failing to title the vehicle as "salvage." The trial court granted the auto dealer's motion to dismiss for lack of personal jurisdiction.

On appeal, the court observed that the auto dealer engaged in "extremely insignificant and sporadic" business in Ohio, as well as "never advertised nor actively solicited any business in Ohio, nor maintained any offices, personnel, property, or bank accounts in Ohio." Lewis, 2003 Ohio 5248, ¶ 26. In affirming the dismissal, the court concluded: "The fact that Ohio residents and/or Ohio auto companies purchased the cars in Michigan does not support [plaintiff's] contention that [the defendant] transacted business in Ohio giving rise to the instant claims." Lewis, 2003 Ohio 5248, ¶27.

Likewise, the Defendant's sale of the recreational vehicle to the Plaintiff does not rise to the level of transacting business under Ohio law. The question of who initiated the business dealings is relevant, but not dispositive, as to whether the Defendant transacted business in Ohio and submitted to personal jurisdiction. See Long v. Grill, 155 Ohio App.3d 135, 2003 Ohio 5665, 799 N.E.2d 642,¶18 (Ohio 10th App. Dist.). This relevant factor weighs heavily against an application of the long-arm statute as it is undisputed the Plaintiff initiated contact with the Defendant in North Carolina. Additionally, it is uncontroverted that no part of the transaction occurred in the state of Ohio. See Krutowsky v. Simonson, 109 Ohio App.3d 367, 672 N.E. 2d 219 (Ohio 9th App. Dist. 1996) (finding no personal jurisdiction over foreign restorer of vintage automobiles where the "only intentional contact with Ohio was the mailing of invoices to Ohio and calling [plaintiff] in Ohio to occasionally give updates on the work"). It is further uncontroverted that the Defendant did not advertise

in Ohio and lacked any offices, employees, or agents in the state. See Lewis, 2003 Ohio 5248, ¶26. Consequently, the Defendant's contacts with the state of Ohio are too remote in nature to conclude that the Plaintiff has demonstrated a prima facie case of personal jurisdiction under subsection (1) of Ohio's long-arm statute.

Subsection (4) of the long-arm statute provides for personal jurisdiction over a foreign corporation where a tortious injury is caused "in this state by an act or omission outside this state if [the defendant] regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state." OHIO REV. CODE. ANN. § 2307.382(A)(4). Subsection (5) similarly provides that personal jurisdiction over a foreign corporation may be exercised where an injury arises in Ohio by "any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when [the defendant] might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state."[4] OHIO REV. CODE. ANN. § 2307.382(A)(5). Nevertheless, there lacks any evidence before the Court demonstrating that the Defendant "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state." As discussed *supra*, the undisputed record

---

[4] The Court includes a discussion of subsection (5) to the extent the Plaintiff's first claim for relief may be construed as fraud/misrepresentation and, or, breach of express or implied warranties.

reveals that the Defendant lacks any nexus to the state of Ohio. The Plaintiff meanwhile has not advanced any evidence tending to demonstrate that the Defendant engages in conduct in Ohio beyond the sale of the recreational vehicle at issue. Accordingly, the record compels a finding that the Defendant's conduct did not render it subject to jurisdiction pursuant to subsections (4) or (5) of the long-arm statute.

Subsection (6) lacks, however, the express requirement that the Defendant engage in any continuous contact with Ohio. For the proper exercise of jurisdiction under this subsection, the Plaintiff is required to demonstrate that the Defendant "[c]aused tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when [the Defendant] might reasonably have expected that some person would be injured thereby in this state." OHIO REV. CODE. ANN. § 2307.382(A)(6). The Plaintiff appears to be relying on this subsection when asserting:

> When Virginia Masko began negotiating with Family R.V. for the purchase of a recreational vehicle, its representatives were aware she was a resident of the State of Ohio and planned to return to Ohio with the RV. Family R.V.'s representatives made representations to Virginia Masko that the R.V. she was purchasing was used, but made no representations that the RV was a rebuilt salvage or reassembled vehicle. When Family R.V. represented to Virginia Masko that the RV was merely used, it was aware that she was a resident of Ohio, that she planned to return to Ohio with the RV, and that she intended to register title in the RV with the State of Ohio. Family R.V. also knew that Virginia Masko was financing the purchase of the R.V. through an Ohio bank. Thus, any representations as to the value of the RV could impact the financing of the RV.

See (Dkt. # 15 at 5-6) (internal citations to Aff. of Virginia Masko omitted).

The Court again finds persuasive the reasoning of the Lewis court. In addressing subsection (6), that court opined:

> The complaint alleges that [the auto dealer] engaged in a practice of fraudulently concealing the true condition of cars and failing to designate the cars with a "salvage title" when required. [The plaintiff] also alleges that [the auto dealer] placed hundreds of cars in the stream of commerce which were purchased by Ohio residents. Accordingly, we find that [the plaintiff] has established a prima facie case for personal jurisdiction based on the alleged tortious conduct which [the defendant] committed in Michigan and its forseeability of reaching Ohio residents.

Lewis, 2003 Ohio 5248, ¶ 38 (citation omitted). Here, the Plaintiff similarly alleges that the Defendant failed to advise her that the recreational vehicle was a "rebuilt salvage; reassembled vehicle." The Plaintiff further alleges that the Defendant was aware through their course of dealing that she would be returning to Ohio with the recreational vehicle. Consequently, this Court concludes that the Plaintiff has presented a prima facie case of personal jurisdiction pursuant to subsection (6) of Ohio's long-arm statute.

The Court's inquiry proceeds to examining whether an exercise of personal jurisdiction over the Defendant complies with the Fourteenth Amendment to the United States Constitution. The Due Process Clause requires that the Plaintiff demonstrate that (1) the defendant had "minimum contacts" with the forum state such that defendant should "reasonably anticipate being haled into court there," and (2) "the exercise of jurisdiction comport[s] with traditional notions of fair play and substantial[]justice." Fortis Corporate Ins. v. Viken Ship Management, 450 F.3d 214 (6th Cir. 2006) (quoting Asahi Metal Indus.

Co. v. Superior Court of Calif., 480 U.S. 102, 108-09 (1987)).  The minimum contacts prong is satisfied either through specific or general jurisdiction.  Id.

General jurisdiction exists when a defendant has "continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims."  Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-415 & nn 8-10 (1984); Third Nat'l Bank in Nashville v. WEDGE Group, Inc., 882 F.2d 1087, 1089 (6th Cir. 1989).  Courts have set forth several nonexclusive factors to consider in an analysis of general jurisdiction:

> Whether a defendant is licensed to do business in the forum state and has an agent for service of process in that state;
>
> Whether a defendant maintains an office, bank account, telephone listing, or employees in the forum;
>
> Whether a defendant owns any property in the forum;
>
> Whether a defendant solicits sales by telephone or otherwise in the forum state;
>
> Whether a defendant has paid taxes to the forum state or collected sales tax for the forum state; and
>
> The volume of a defendant's business in the forum.

See Helicopteros, 466 U.S. at 416-19; Conti v. Pneumatic Products Corp., 977 F.2d 978, 981 (6th Cir. 1992).  As discussed *supra*, all of these factors weigh against an assertion of general jurisdiction in the present case.

Specific jurisdiction is proper over the Defendant only if its contact with Ohio satisfies the three-part test established in Southern Machine Company v. Mohasco Industries, Inc.:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequence caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

401 F.2d 374, 381 (6th Cir. 1968).

"'Purposeful availment' is something akin to a deliberate undertaking to do or cause an act or thing to be done in [the forum state] or conduct which can be properly regarded as a prime generating cause of the effects resulting in [the forum state], something more than a passive availment of [the forum state's] opportunities." Neogen Corp., 282 F.3d at 891 (6th Cir. 2002) (internal citation and quotation omitted). "The 'purposeful availment' requirement is satisfied when the defendant's contacts with the forum state 'proximately result' from actions by the defendant himself that create a 'substantial connection' with the forum State,' and when the defendant's conduct and connection with the forum are such that he 'should reasonably anticipate being haled into court there.'" CompuServe, 89 F.3d at 1263 (6th Cir. 1996) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-75 (1985)). The Sixth Circuit has adopted Justice O'Connor's "stream of commerce plus" test from Asahi. Fortis Corporate Ins., 450 F.3d at 214. Justice O'Connor's plurality opinion held that the "placement of a product into the stream of commerce, without more, is not an act of

-14-

the defendant purposefully directed toward the forum State. Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum state, for example, designing the product for the market in the forum state . . ." Asahi, 480 U.S. at 112.

In World-Wide Volkswagen Corp., the United States Supreme Court declined to find personal jurisdiction over a nonresident automobile dealer based solely on the fact that the dealer sold a car which later became involved in an accident in another state:

> Petitioners carry on no activity whatsoever in Oklahoma. They close no sales and perform no services there. They avail themselves of none of the privileges and benefits of Oklahoma law. They solicit no business there either through salespersons or through advertising reasonably calculated to reach the State. Nor does the record show that they regularly sell cars at wholesale or retail to Oklahoma customers or residents or that they indirectly, through others, serve or seek to serve the Oklahoma market. In short, respondents seek to base jurisdiction on one, isolated occurrence and whatever inferences can be drawn therefrom: the fortuitous circumstance that a single Audi automobile, sold in New York to New York residents, happened to suffer an accident while passing through Oklahoma.

444 U.S. at 295. The Court rejected the assertion of personal jurisdiction based on the mere foreseeability that, because they are mobile by design, automobiles sold by the dealer would make their way into the forum state. Id. at 295-96. "Rather, it is that defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." Id. at 297.

The Supreme Court distinguished the circumstance wherein the sale of a product was "not simply an isolated occurrence," and arose from efforts "to serve, directly or indirectly, the market for its product in other States," noting: "The forum State does not exceed its powers under the Due Process Clause if it asserts jurisdiction over a corporation that delivers

-15-

its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State." World-Wide Volkswagen Corp., 444 U.S. at 297-98. In contrast, a consumer's unilateral act of bringing a nonresident defendant's product into the forum state does not suffice to establish personal jurisdiction over that defendant. Id. at 298 (citing Hanson v. Denckla, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958)).

The Court acknowledges that the instant case falls beyond World-Wide Volkswagen Corp. because there is evidence in the record that the Defendant was aware at the time of sale that the Plaintiff would be returning to Ohio with the recreational vehicle. Indeed, the Plaintiff's jurisdictional allegations rest entirely on this fact. The Court nonetheless concludes that the Defendant's alleged knowledge that the Plaintiff would return to Ohio with the recreational vehicle, absent any other contacts with Ohio, does not constitute purposeful availment under the "stream of commerce plus" test. See Brand v. Menlove Dodge, 796 F.2d 1070, 1074-75 (9th Cir. 1986) ("Because [the defendant] did not engage in affirmative conduct to deliver its product to California, but rather passively made a sale it allegedly knew would affect that state, we conclude that [the defendant] did not direct its activities purposefully at California so as to create a presumption of reasonableness of jurisdiction in the California courts."); Killion v. Commonwealth Yachts & Mainship Corp., 421 F. Supp. 2d 246, 255 (D. Mass. 2006) ("[T]here is nothing to suggest that [the defendant] knew that the vessel -- which it manufactured in 2001 and 2002 in Florida-was bound for Massachusetts. Even if it did know this, such knowledge is not evidence that [the defendant] purposefully directed its business activities toward Massachusetts."). Consequently, the

Court lacks personal jurisdiction over the Defendant. See Lak, Inc. v. Deer Creek Enters., 885 F.2d 1293, 1303 (6th Cir. 1989) ("Each . . . [of the Southern Machine] criterion represents an independent requirement, and failure to meet any of the three means that personal jurisdiction may not be invoked.").

Several statutes provide federal courts with the power to transfer cases regardless of whether the transferring court lacks personal jurisdiction over the defendant. See generally 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); 28 U.S.C. § 1631 (providing that a federal court shall transfer a case, "if it is in the interest of justice," when it determines that it lacks jurisdiction over a civil action or appeal, and that jurisdiction lies in another court); 15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3827, at 265-66 (2d ed.1986) ("[T]he end result is the same, and very few litigants will care whether the court purports to proceed under § 1404(a) or § 1406(a) in transferring to a district where service can be made. Thus it is hardly surprising that many courts say that either statute can be used."). However, the Court faces the unique scenario that the Plaintiff opposes transfer of the case to North Carolina as opposed to dismissal. See (Dkt. # 15 at 8-11). Therefore, the Court shall exercise its discretion and dismiss the action for lack of personal jurisdiction.

Accordingly, the Court hereby orders that the Motion of Defendant The Family RV Center, Inc. to Dismiss for Lack of Personal Jurisdiction and Improper Venue, see (Dkt. # 11), is **GRANTED**, and the Alternative Motion to Transfer Venue Pursuant to 28 U.S.C. §§ 1404 and 1406, see (Dkt. # 13), is **DENIED AS MOOT**.  The above-captioned action is **DISMISSED** for lack of personal jurisdiction.

                                              **s/ Peter C. Economus    July 24, 2006**
                                              **PETER C. ECONOMUS**
                                              **UNITED STATES DISTRICT JUDGE**